**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN GENERAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. _____** |
| **DENISE MAMULA PALUMBO,** | ) | |
| **KATHERINE PALUMBO,** | ) | |
| **JENNIFER PALUMBO, and** | ) | |
| **KRISTEN PALUMBO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff, American General Life Insurance Company, by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to Fed. R. Civ. P. 22(a) against Defendants Denise Maluma Palumbo, Katherine Palumbo, Jennifer Palumbo, and Kristen Palumbo, and states as follows:

### Parties

1.      American General Life Insurance Company ("American General") is a Texas insurance company with its principal place of business in Houston, Texas.

2.      Upon information and belief, Denise Maluma Palumbo ("Denise") is a citizen and resident of the State of Ohio, residing in Summit County, Ohio. Upon information and belief, Denise is the former wife of Paul A. Palumbo (the "Decedent").

3.      Upon information and belief, Katherine Palumbo ("Katherine") is a citizen and resident of the State of Ohio, residing in Summit County, Ohio.

4.      Upon information and belief, Jennifer Palumbo ("Jennifer") is a citizen and resident of the State of Ohio, residing in Summit County, Ohio.

5.      Upon information and belief, Kristen Palumbo ("Kristen") is a citizen and resident of the State of Ohio, residing in Summit County, Ohio.

6.      Upon information and belief, Katherine, Jennifer, and Kristen are the daughters of the Decedent.

## Jurisdiction and Venue

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is present as Plaintiff is a citizen of the State of Texas and Defendants are all citizens of the State of Ohio. Furthermore, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants reside in Summit County, Ohio, which is in the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 115(a)(1).

## Factual Background

9.      On or about December 22, 1993, Paul A. Palumbo (the "Decedent") purchased a Universal Life Flexible Premium Adjustable Life Insurance Policy from The American Franklin Life Insurance Company with a face amount of $100,000.00. *See* The American Franklin Life Insurance Company Policy No. 0100009789 (the "Policy"), attached hereto as **Exhibit A**. The Policy's application listed the Decedent's former spouse, Cynthia G. Palumbo, as the primary beneficiary. *See id*. The Policy's application listed "Children of Insured" as the contingent beneficiaries. *See id.*

10.     On or about August 29, 2001, The American Franklin Life Insurance Company was acquired by American General Corporation, and Plaintiff American General took over administration of the Policy.

11.     On or about August 29, 2011, American General received a Change of Beneficiary Form for the Policy. *See* August 29, 2011 Change of Beneficiary Form, attached hereto as **Exhibit B**. The August 29, 2011 Change of Beneficiary Form listed the Decedent's three daughters, Defendants Katherine, Jennifer, and Kristen, each as 33 1/3% primary beneficiaries. *See id.* The August 29, 2011 Change of Beneficiary Form did not list any contingent beneficiaries. *See id.*

12.     On or about December 17, 2013, American General received an online Request to Change Beneficiary for the Policy. *See* December 17, 2013 Request to Change Beneficiary, attached hereto as **Exhibit C**. The December 17, 2013 Request to Change Beneficiary listed the Decedent's then-fiancée, Defendant Denise, as the 100% primary beneficiary. *See id.* The December 17, 2013 listed Children born of the insured, Paul A. Palumbo as the contingent beneficiary. *See id.* Upon information and belief, Defendants Katherine, Jennifer, and Kristen are the only children born of the Decedent.

13.     Upon information and belief, the Decedent and Defendant Denise married on or about September 13, 2014.

14.     Upon information and belief, the Decedent died on November 21, 2019.

15.     As a result of the death of the Decedent, the Policy's death benefit of $100,000.00 became due and payable to the beneficiary or beneficiaries.

16.     On or about December 30, 2019, counsel for Defendants Katherine, Jennifer, and Kristen informed American General that they intend to challenge the validity of the December 17, 2013 Request to Change Beneficiary naming Defendant Denise as 100% primary beneficiary.

Defendants Katherine, Jennifer, and Kristen claim they are the rightful beneficiaries of the death benefit due under the Policy.

17.    On or about February 26, 2020, Defendant Denise submitted a claim for the death benefit due under the Policy.

## Count One

### Interpleader Relief

18.    American General incorporates Paragraphs 1-17 by reference.

19.    As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigations, or both.

20.    American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policy.

21.    American General neither has, nor claims, any interest in the death benefit under the Policy and at all times has been willing to pay the death benefit to the person or persons entitled to them.

22.    American General should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

23.    American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigations, or both.

24.     Contemporaneously with the filing of this Complaint for Interpleader Relief, American General has moved for leave to deposit into the registry of the Court the benefits due and owing under the Policy, plus accrued interest, if any.

25.     American General alleges that it is entitled to interpleader relief pursuant to Fed. R. Civ. P. 22(a), and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## Relief Requested

WHEREFORE, Plaintiff American General Life Insurance Company requests the following relief:

a.      That Defendants be enjoined from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under Policy Number 0100009789 and on account of the death of Paul A. Palumbo, and that said injunction issue without bond or surety;

b.      That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

c.      That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Policy Number 0100009789;

d.      That this Court discharge American General of and from any and all further liability under Policy Number 010009789 and on account of the death of Paul A. Palumbo;

e.      That this Court excuse American General from further attendance upon this cause and dismiss American General from this case, with prejudice;

f.      That this Court enter an order awarding American General its costs and attorneys'

fees in connection with this action, to be deducted from the death benefit due and

owing under Policy No. 010009789; and

g.      That this Court grant American General such other and further relief as this Court

deems just and equitable.

Dated: April 24, 2020                          Respectfully submitted,

                                               *s/ Andrew T. Illig*
                                               Andrew T. Illig (OH Bar No. 0093965)
                                               REMINGER CO., LPA
                                               101 West Prospect Avenue, Suite 1400
                                               Cleveland, Ohio 44115-1093
                                               Tel.: 216-687-1311
                                               Fax: 216-687-1841
                                               aillig@reminger.com

                                               *Counsel for Plaintiff American General*
                                               *Life Insurance Company*